# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA MICHELLE SCOTT | CIVIL ACTION NO. 09-872 |
| VERSUS | JUDGE TRIMBLE |
| TURNER INDUSTRIES GROUP, LLC, ET AL. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion to strike pertaining to an underlying motion for summary judgment filed by defendants Turner Industries Group, LLC, Turner Industries Holding Company, LLC and Turner Industries, LLC ("Turner").[1] Turner's motion to strike pertains to certain evidence and supporting documentation filed by plaintiff in opposition to Turner's prior motion for summary judgment and argues that these enumerated allegations and proofs should be stricken from the record of this case for varying reasons, including relevancy, hearsay and contradiction of prior deposition testimony. The facts of this case are not recited here, but will be thoroughly described in the court's ruling as to Turner's motion for summary judgment, also issued this day.

Turner asserts that numerous portions of plaintiff's declaration,[2] offered in opposition to Turner's motion for summary judgment, should be stricken from the record. Turner argues that many of the statements in plaintiff's declaration, dated March 31, 2011, contradict her prior deposition testimony of March 19 and April 7, 2010. Turner argues that other portions are irrelevant or constitute inadmissible hearsay.

---

[1] R. 55.
[2] R. 54-1 at pp. 34-40.

Generally, all evidence submitted in support of or opposition to a motion for summary judgment is subject to the same rules governing the admissibility of evidence at trial.[3] With several exceptions, all relevant evidence is admissible.[4] Relevant evidence is that which has a tendency to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence.[5] Irrelevant evidence is inadmissible.[6]

Hearsay is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.[7] Subject to certain enumerated exceptions, hearsay is inadmissible.[8]

Affidavits or declarations submitted in conjunction with motions for summary judgment must meet the standards of Fed. R. Civ. P. 56(c)(4) in that such statements must be made on personal knowledge and set out facts that would be admissible in evidence. While, generally, affidavits and declarations do constitute competent summary judgment evidence, the court will not allow a party to manufacture a genuine issue of material fact so as to defeat summary judgment by the presentation of any affidavit or declaration that impeaches prior testimony without explanation.[9] Fed. R. Civ. P. 56(h) provides that sanctions may be imposed on a party when the court finds that an affidavit or declaration is submitted in bad faith or solely for delay.

The court has reviewed the declaration at issue and finds that Turner's motion to strike should be granted in part and denied in part as explained below.

---

[3] Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 176 (5th Cir. 1990).
[4] Fed. R. Evid. 402.
[5] Fed. R. Evid. 401.
[6] Fed. R. Evid. 402.
[7] Fed. R. Evid. 801.
[8] Fed. R. Evid. 802.
[9] Doe ex rel. Doe v. Dallas Independent School Dist., 220 F.3d 380, 385 (5th Cir. 2000) (internal citations omitted).

**Paragraph 3**

Turner asserts that paragraph 3 of plaintiff's declaration is based on a generic job description plaintiff printed from the Internet (www.hrvillage.com) and, thus, is not based on her personal knowledge and is inadmissible. Plaintiff argues that the description upon which she based her recitation of job duties as an Executive Secretary was produced by Turner in response to discovery requests. Plaintiff does not reference such document by exhibit or page number. Turner correctly observes that the only job description offered by plaintiff is one taken from hrvillage.com.[10] Turner also notes that, unlike the other documents produced in discovery, this document bears no Bates stamp number.

The court finds no evidence, other than plaintiff's vague assertion, that the job duties reference in plaintiff's declaration are taken from a job description provided by Turner. Plaintiff offers no explanation for the clearly displayed website information on the job description offered in opposition to Turner's motion.

A general job description for an executive secretary is not relevant to plaintiff's claims in this case. Plaintiff offers no argument or evidence that this was plaintiff's actual job description and, as such, Turner's motion is granted as to this paragraph of plaintiff's declaration and this description will be stricken from the record in this case pursuant to Fed. R. Evid. 402.

**Paragraph 4**

The court finds that plaintiff's explanation of who her co-worker, Files, reported to and what her duties may have been at Turner are irrelevant to the claims asserted in plaintiff's suit pursuant to Fed. R. Evid. 402. Accordingly, the court finds that Turner's motion should be granted as to this particular paragraph of plaintiff's declaration and to the organizational chart referenced therein. Both items will be stricken from the record in this case.

---

[10] R. 54-1 at p. 8.

**Paragraph 8**

Turner alleges that plaintiff's reference to overtime hours worked without pay is irrelevant to plaintiff's claims because plaintiff does not assert a claim under the Fair Labor Standards Act ("FLSA"). Plaintiff fails to offer any argument in support of the relevance of this alleged fact in light of the absence of any FLSA claim in this suit. Accordingly, the court finds that Turner's motion should be granted as to this particular paragraph of plaintiff's deposition and such paragraph will be stricken from the record in this case pursuant to Fed. R. Evid. 402.

**Paragraph 9**

The court has reviewed plaintiff's deposition testimony of March 19 and April 7, 2010 and does not find that plaintiff's statements that she had not been reprimanded previously or deprived of an annual raise prior to the events at issue in this suit contradict her deposition testimony. Turner's motion will be denied as to this particular paragraph of plaintiff's deposition.

**Paragraph 10**

Turner argues that plaintiff fails to lay the proper foundation for the assertion that she was being treated for anxiety, depression, ADD and sleep problems and that her physician, Dr. Todd, prescribed medications to treat these conditions. Turner argues that, to the extent that plaintiff was told she had these disorders by Dr. Todd, her assertion constitutes inadmissible hearsay.

Plaintiff responds by stating that paragraph 10 is "part of Plaintiff's medical records reflecting her history of treatment, her diagnosis and prognosis by Dr. Kenneth Todd ("Dr. Todd") per Plaintiff's medical records and case summary."[11] Plaintiff included copies of handwritten notes, appointment cards and a case summary from Dr. Todd, her psychiatrist as

---

[11] R. 58 at pp. 8-9.

evidence in opposition to Turner's motion for summary judgment.[12]  Although plaintiff's argument here is vague, the court surmises that plaintiff is arguing that her statement in paragraph 10 is based on her medical records and, therefore, not hearsay.

The court agrees that plaintiff's statement offers the assertion of medical diagnoses which constitutes hearsay.  While plaintiff may testify as to the symptoms that led her to seek treatment and to the treatment she undertook, any clinical diagnoses must be attested to by Dr. Todd.

Turning to the medical records upon which plaintiff relies, the court finds that only a portion of these constitute actual medical records kept in the ordinary course of business and, therefore, subject to an exception under Fed. R. Evid. 803(6) to the hearsay rule.  The case summary prepared by Dr. Todd was not kept in the ordinary course of business, was likely prepared for trial and is not a part of the later-filed affidavit of Dr. Todd.[13]  Accordinlgy, the case summary will be stricken from the record as hearsay under Fed. R. Evid. 802.  It is unclear whether the photocopies of eight (8) appointment cards bearing plaintiff's name constitute records kept in the ordinary course.  Neither party addresses these issues and we decline to strike the copies of appointment cards.

**Paragraph 11**

Turner asserts that paragraph 11 of plaintiff's declaration should be stricken because the assertion that she reported her mental health status to her supervisor, Ronnie Breaux ("Breaux") each month is contradicted by her prior deposition testimony that she only spoke to him about this topic once after submitting an action plan to him.  Turner cites pages 200 – 201 of plaintiff's March 19, 2010 deposition in support of this argument.[14]

---

[12] R. 54-1 at pp. 41-64.
[13] R. 54-1 at pp. 41-44.
[14] R. 22-4 at p. 36.

The court has reviewed the deposition excerpts provided by Turner, both electronically and in hard copy format and finds that page 200 of plaintiff's testimony is not included in either format. Page 201, while included, does not contain the testimony represented by Turner. For these reasons, Turner's motion to strike will be denied as to paragraph 11 of plaintiff's declaration.

**Paragraph 12**

Turner's motion asserts that paragraph 12 of plaintiff's declaration should be stricken from the record in this case because it contradicts prior deposition testimony on the same issue. In paragraph 12 of plaintiff's declaration, plaintiff states that she was subjected to a hostile work environment and was harassed by "my supervisor and VP's and the President..."[15] Plaintiff adds that "[t]his had been happening since the beginning of [her] employment."[16]

Turner points out that plaintiff's prior deposition testimony was that her primary problem at work was harassment from a co-worker, Deborah Files ("Files"). Turner also points out that plaintiff does not specify what supervisor or "VP" harassed her. Plaintiff argues that the allegations of paragraph 12 are supported by Exhibit 14 to plaintiff's memorandum in opposition, which contains emails dating from November of 1999 until October of 2007, evidencing harassment amounting to a hostile work environment. The court agrees that plaintiff's prior deposition testimony clearly stated that harassment by her supervisors Breaux and Braud began in 2006, while harassment by Files began with the inception of her employment at Turner. Accordingly, paragraph 12 of plaintiff's declaration will be stricken from the record on the basis that this portion of plaintiff's declaration contradicts prior testimony without explanation.

---

[15] R. 51-1 at ¶ 12.
[16] Id.

Turner's motion to strike also asks that emails purporting to demonstrate sexual harassment be stricken on the basis that plaintiff failed to exhaust her administrative remedies as to any such claim and, for that reason, such emails are irrelevant to the claims actually before the court. Turner's motion for summary judgment seeks dismissal of plaintiff's sexual harassment hostile work environment claims.

To the extent that emails contained in Exhibit 14 are produced in support of plaintiff's purported claim of sexual harassment constituting a hostile work environment, the court finds that a ruling as to the relevancy and admissibility of such emails must be deferred until such time as the court addresses the underlying summary judgment motion as it pertains to plaintiff's hostile work environment claims.[17]

The court has reviewed plaintiff's deposition testimony concerning her disability harassment hostile work environment claim. Plaintiff testified that she felt that Files' conduct toward her created a hostile work environment from the beginning of her employment with Turner.[18] Plaintiff also testified that Ronnie Breaux and Dwight Braud began to contribute to the hostile work environment in September of 2006, after her sister died.[19]

As will be discussed in more detail in the court's ruling as to Turner's underlying motion for summary judgment, plaintiff's EEOC charge was filed on February 8, 2008. Title VII, incorporated by reference in the ADA, requires that a plaintiff file a discrimination charge within

---

[17] The following emails fit this description and shall not be ruled upon until the issue of plaintiff's sexual harassment hostile work environment claims are addressed: June 14, 2004 emails between plaintiff and Breaux [R. 54-1 at pp. 112-114]; August 11, 2004 emails between plaintiff and Breaux [R. 54-1 at pp. 115-116]; July 5, 2005 emails between plaintiff and Breaux [R. 54-1 at p. 117]; September 27, 2005 emails between plaintiff and Breaux [R. 54-1 at pp. 118-119]; January 24, 2006 emails between plaintiff and Breaux [R. 54-1 at p. 120]; August 24, 2006 emails between plaintiff and Breaux [R. 54-1 at p. 122]; June 28, 2007 emails between plaintiff and Breaux [R. 54-1 at p. 125].
[18] R. 22-4 at 153:16 – 156:21.
[19] Id.

180 days or, if filed with a state agency first, 300 days of the alleged discriminatory conduct.[20] Although what claims fall within the scope of a particular EEOC charge is subject to argument and analysis, based on the well established maxim that the scope of the charge includes not only those claims expressly stated, but also those claims which may reasonably be expected to grow out of the investigation of the charge, whether or not a claim based on a certain event is time-barred under the ADA's statute of limitations is not a flexible inquiry.[21] Accordingly, the court agrees with Turner's observation that, given plaintiff's February 2008 filing of her EEOC charge of discrimination, claims arising out of events prior to April of 2007 are time barred, having occurred more than 300 days prior to the institution of the requisite charge. Given the applicability of the 300 day statute of limitations in this case, which is assumed by the court for the utmost benefit to plaintiff, though the evidence before the court demonstrates that plaintiff's Louisiana Commission on Human Rights complaint may have been filed after the institution of her EEOC charge, the court will grant Turner's motion to strike as to all emails drafted before and/or referencing events occurring prior to April of 2007 on the basis that these emails are not relevant to plaintiff's claims in this suit pursuant to Fed. R. Evid. 401, 402.[22]

To the extent that the emails contained in plaintiff's Exhibit 14 are offered in support of plaintiff's disability harassment hostile work environment claims concerning conduct by Breaux and/or Braud from April of 2007 until plaintiff's termination in October of 2007, such emails

---

[20] 42 U.S.C. § 12117; 42 U.S.C. § 2000e-5(e); Buchanan v. City of San Antonio, 85 F.3d 196, 200 (5th Cir. 1996); Dao v. Auchan Hypermarket, 96 F.3d 787 (5th Cir. 1996) (internal citations omitted).
[21] Fellows v. Universal Restaurants, Inc., 701 F.2d 447, 450 (5th Cir. 1983) quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970).
[22] The following emails fit this description and will be stricken: November 5, 1999 email from plaintiff to "Donnie" requesting a raise [R. 54-1 at pp. 110-111]; July 5, 2005 emails between plaintiff and Breaux [R. 54-1 at p. 117] (while the court will defer consideration of this email as it pertains to plaintiff's sexual harassment allegations, this email is stricken as evidence of any disability harassment by Breaux because it pre-dates April of 2007); August 24, 2006 emails between plaintiff and Breaux [R. 54-1 at p. 122] (the court will defer consideration of this email as evidence of sexual harassment, but strikes the email as evidence of disability harassment by Breaux because it pre-dates April of 2007); January 22, 2007 emails between plaintiff and Breaux [R. 54-1 at pp. 123-124]; August 16, 2007 email from plaintiff to Mike Phelps [R. 54-1 at p. 131]; April 20, 2006 emails between plaintiff and Billy Guitreau, et al. [R. 54-1 at p. 121].

8

will not be stricken from the record and may be considered by the court in conjunction with Turner's motion for summary judgment.[23]

To the extent that the emails contained in plaintiff's Exhibit 14 are offered in support of plaintiff's disability hostile work environment claims concerning conduct by Files from April of 2007 until plaintiff's termination in October of 2007, such emails will not be stricken from the record and may be considered by the court in conjunction with Turner's motion for summary judgment.[24]

With respect to the October 12, 2007 email from plaintiff to Heather Ballard, a fellow Turner employee, the court finds this evidence to be irrelevant in that it is merely a recitation of plaintiff's feelings about being asked to either resign or accept termination.[25] To the extent that the email recites portions of a conversation between plaintiff and Susan Brooks, a Turner Human Resources employee, the email constitutes inadmissible hearsay under Fed. R. Evid. 801 and 802. Accordingly, the email to Heather Ballard from plaintiff will be stricken from the record in this case.

With respect to the September 2010 emails between Linda Monk and Sidney Lewis, counsel for Turner in this matter, the court finds these to be irrelevant to plaintiff's claims under Fed. R. Evid. 401 and 402 and, additionally, to be inadmissible insofar as they contain evidence of settlement negotiations, which may not be used as evidence of liability pursuant to Fed. R. Evid. 408.[26] These emails will be stricken from the record in this case.

---

[23] The following emails fit this description and will not be stricken from the record in this case: August 16, 2007 email from plaintiff to Mike Phelps [R. 54-1 at p. 131]; August 20, 2007 email from Jeff Shipley and/or Paige Braud to plaintiff [R. 54-1 at p. 132]; September 4, 2007 emails between plaintiff and Breaux [R. 54-1 at p. 133]; September 11, 2007 emails between plaintiff and Dan Eppinett [R. 54-1 at p. 134]; September 13, 2007 emails between plaintiff and Breaux [R. 54-1 at p. 135].

[24] The following emails fit this description and will not be stricken from the record in this case: July 2, 2007 emails between plaintiff, Breaux and Braud [R. 54-1 at pp. 126-130].

[25] R. 54-1 at p. 136.

[26] Id. at p. 137-138.

**Paragraph 14**

Turner's motion asserts that plaintiff's statement that Files "knew that [she] was dealing with depression and anxiety but she had no regard, as her behaviors only proved to make [her] situation worse" should be stricken from the record on the basis that plaintiff lays no foundation for this assumption that Files knew about plaintiff's alleged depression. Plaintiff argues that copies of appointment reminder cards filed into the record with plaintiff's medical records demonstrate Files' knowledge of plaintiff's medical condition because plaintiff was required to provide these to "defendant."[27]

The court finds that plaintiff's statement that Files knew of her alleged disability is simply an allegation which must be proven and it will be treated by this court as such. Given that employer knowledge of plaintiff's disability is central to her claim, plaintiff will have to demonstrate the truth of her assertion that she was required to report doctor's appointments and other health information to Breaux, Braud and Files. The court declines to strike plaintiff's statement, but, again, notes that knowledge of her disability by any supervisor or co-worker is an important element of her claims in this case and must be demonstrated by evidence.

**Paragraph 16**

Paragraph 16 of plaintiff's declaration states "Dr. Todd changed my diagnosis in 2006 to Major Anxiety & Depressive Disorder. Along with having ADD and sever insomnia. As long as Dr. Todd managed my care and I took my medication, he did not restrict my work." Turner's motion asserts that plaintiff fails to lay the proper foundation for her statement regarding a change in her diagnosis. Plaintiff argues that this statement is supported by her medical records, which show a worsening of her symptoms.[28] As explained with respect to paragraph 10 above,

---

[27] R. 58 at p. 9.
[28] Id.

Case 3:09-cv-00872-JTT -JDK   Document 67   10/19/11   Page 10 of 22

any diagnosis made by Dr. Todd should be attested to by Dr. Todd and, in the absence of such proof, constitutes inadmissible hearsay. Accordingly, the portion of paragraph 16 pertaining to an alleged change in plaintiff's diagnosis by Dr. Todd will be stricken from the record in this case.

**Paragraph 17**

Paragraph 17 of plaintiff's declaration states that "[t]he environment at work grew progressively more hostile in 2006, as I ask /sic/ my supervisor for help, to zero avail." Turner's motion asserts that plaintiff's failure to specify what type of hostility she is referring to renders this statement "immaterial."

As discussed above, plaintiff's suit alleges that she was subjected to disability harassment by Files constituting a hostile work environment from the inception of her employment and to the same conduct by Breaux and Braud beginning in September of 2006.[29] The court finds that this vague statement does not contradict plaintiff's claims and prior deposition testimony and should not be stricken from the record in this case. Turner's motion will be denied as to this paragraph.

**Paragraph 18**

Paragraph 18 of plaintiff's declaration states that "[i]n 2006 my diagnosis showed changes in appetite, sleep, interest, sex drive, concentration and overall sadness." As discussed above, this statement concerns a medical diagnosis which plaintiff is not qualified to address. It is not a matter within her personal knowledge. Plaintiff's physician, Dr. Todd, must attest to this evidence. Paragraph 18 will be stricken from the record of this case as inadmissible hearsay.

---

[29] The court again notes that any purported claims by plaintiff based on events occurring prior to April of 2007 are time-barred in this case, as will be further discussed in the court's ruling as to Turner's motion for summary judgment.

**Paragraph 22**

Paragraph 22 contains a recitation of comments allegedly made to plaintiff by her physician, Dr. Todd, after plaintiff's December 2006 meeting with Braud. Turner's motion asserts that this statement is hearsay. Plaintiff inexplicably argues that this paragraph "simply reveals her experience with Deborah Files and the effect it had on her emotional state as supported in her medical records."[30] This statement constitutes inadmissible hearsay under Fed. R. Evid. 801 and 802 and will be stricken from the record of this case.

**Paragraph 24**

Paragraph 24 of plaintiff's declaration contains a recitation of comments allegedly made by Breaux to Braud and then conveyed by Braud to plaintiff during their December 2006 meeting. Plaintiff also states that she was hurt by these statements and that they added to her depression and anxiety. Turner's motion asserts that plaintiff's recitation of the alleged comments of Breaux to Braud and of Braud to her are hearsay. Plaintiff does not address Turner's argument as to this particular paragraph.[31] The court finds that this paragraph constitutes inadmissible hearsay under Fed. R. Evid. 801 and 802 and should be stricken from the record of this case.

**Paragraph 25**

Paragraph 25 of plaintiff's declaration states that "Mr. Braud was fully aware that I was seeing Dr. Todd for depression and other disorders. He also knew what medication I was taking." Turner's motion asserts that plaintiff fails to lay a proper foundation for these statements as to what Braud knew about plaintiff's medical condition. Plaintiff's argument fails

---

[30] R. 58 at p. 9.
[31] Id.

to address the paragraph at issue, perhaps the result of an editing issue, instead arguing unrelated issues.

As discussed with respect to paragraph 14, whether or not plaintiff's coworkers and/or supervisors were aware of her alleged disability is an important element of plaintiff's claims in this case. Plaintiff's statement here is nothing more than an allegation which must be proven and will be treated as such by this court. This paragraph will not be stricken from the record, but must be proven by evidence.

**Paragraph 27**

Turner's motion asserts that plaintiff' statement referencing Dr. Todd's "medical report" should be stricken on the basis that the medical report is inadmissible hearsay. The court agrees. Dr. Todd's "Case Summary and Narrative"[32] is not an affidavit or declaration, nor is it a medical record kept in the normal course of treatment and, thereby, qualifying as a business record exception to the hearsay rule.[33] The court finds that plaintiff's statement should be stricken and, additionally, that Dr. Todd's report should also be stricken as hearsay.

**Paragraph 28**

Turner's motion asserts that paragraph 28 of plaintiff's declaration, in which plaintiff states that she turned in the "required 'NORMAL Action Plan' to both Mr. Braud and Mr. Breaux" is not supported by plaintiff's own exhibits, in that no emails offered by plaintiff evidence that she actually turned such a plan in to Braud and Breaux. Plaintiff argues that this statement is offered to demonstrate that plaintiff complied with the instructions given to her by

---

[32] R. 54-1 at pp. 41-44.
[33] Fed. R. Evid. 803(6).

her supervisors and that her personal medical information was not kept confidential once she provided it to these supervisors.[34]

The court has reviewed this paragraph and finds that it references events which, occurring prior to April of 2007, are no longer actionable under the ADA. Accordingly, the court finds this information to be irrelevant to plaintiff's claims in this suit and should be stricken from the record pursuant to Fed. R. Evid. 401 and 402.

To the extent that this paragraph purports to recite what Files allegedly said to Tracy Hollier and others, such statement constitutes inadmissible hearsay and this portion of the paragraph will be stricken from the record in this case.

**Paragraph 30**

Paragraph 30 of plaintiff's declaration states that she left the office crying and visited Dr. Todd's office. Plaintiff states that Dr. Todd advised her to take off the remainder of the week and that doctor's excuses offered as evidence will support this contention.

Turner's motion states that plaintiff's recitation of what Dr. Todd allegedly told her is hearsay. The court agrees and finds that that portion of the statement should be stricken from the record of this case pursuant to Fed. R. Evid. 801 and 802.

**Paragraph 34**

Paragraph 34 of plaintiff's declaration states that plaintiff was forced into an "extremely hostile" environment and that "Win Songy had me crying the first or second day I was in the Gonzales office, other employees witnessed the event." Turner's motion asserts that plaintiff has not alleged that Win Songy engaged in disability-based harassment and, for that reason, this statement is irrelevant. Plaintiff argues that this statement is further explained by an email from plaintiff to Mike Phelps, offered in evidence.

---

[34] R. 58 at p. 10.

The court has reviewed the email at issue, dated August 16, 2007.[35] The email does not explain the incident and offers no allegation of disability-based harassment. The court finds that this statement is irrelevant to plaintiff's claims in this case. Plaintiff does not allege that Win Songy knew of her disability or that he harassed her because of her disability. Moreover, plaintiff's statement is vague and does not specify what Win Songy allegedly did to make her cry. Plaintiff's statement will be stricken from the record in this case pursuant to Fed. R. Evid. 401 and 402.

**Paragraph 35**

Paragraph 35 of plaintiff's declaration contains the statement that "Mr. Phelps knew about my situation from Mr. Guitreau, as both had attended both funeral services, and Mr. Phelps told me he had spoken to Mr. Guitreau at length about my situation/circumstances." Turner's motion asserts that this statement should be stricken on the basis that plaintiff fails to demonstrate personal knowledge of what Mr. Phelps knew or did not know and that his attendance at the funerals for her sister and father does not, on its own, demonstrate knowledge of plaintiff's alleged disability. Once again, plaintiff's argument under "Paragraph 35" of its opposition to the motion to strike does not address the issue raised by Turner.

As stated above, plaintiff's statements that certain supervisors "knew" of her alleged disability is merely an allegation concerning an element of her claims and will be given no greater weight by this court. We decline to strike the statement, noting that plaintiff may prove the truth of this statement by evidence.

---

[35] R. 54-3 at p. 1.

**Paragraph 37**

Paragraph 37 of plaintiff's declaration states that

> [p]rior to receiving an email of my termination based on verbal discussion with Susan Brooks of my suspension from employment I consulted with an attorney an /sic/ informed Mr. /sic/ Brooks of my intention to file an ADA lawsuit, harassment and retaliation claim with the EEOC.[36]

Turner's motion seeks to strike this statement on the basis that it contradicts plaintiff's prior deposition testimony. Turner refers the court to plaintiff's testimony at volume 2, pages 53 through 59. The deposition excerpts filed in support of Turner's motion omit pages 53 – 56. Pages 57 – 59 do not contain any contradictory testimony. Turner's motion to strike is denied as to this paragraph.

**Paragraph 39**

Paragraph 39 of plaintiff's claim states that

> [p]rior to my termination, I meet /sic/ with Susan Brooks, TIG HR REP at Starbuck's on Essen Lane per her direction to discuss the ADA claim I was filing with the EEOC at which time she offered me $12K and a letter of recommendation from [Turner] to avoid filing my ADA claim.[37]

Turner's motion asserts that this statement should be stricken from the record on the basis that Fed. R. Evid. 408 bars testimony as to efforts to settle a claim. Plaintiff argues that this statement is offered in order to establish that plaintiff met with Brooks and that Brooks discouraged plaintiff from filing a lawsuit.[38]

Having reviewed the statement, the court finds that, to the extent that it is offered to assert that plaintiff met with Brooks, the statement is properly included in plaintiff's declaration

---

[36] R. 51-1 at p. 40.
[37] Id.
[38] R. 58 at p. 10.

and should not be stricken. However, that portion of the statement disclosing that a settlement offer was made will be stricken on the basis that it is clearly offered as evidence of liability as to Turner, which is an improper use of such testimony under Fed. R. Evid. 408.[39]

**Emails Pre-Dating April 2007**

Turner's motion asserts that, because plaintiff's EEOC charge was not filed until February 2008, any emails pertaining to conduct prior to April 2007 are irrelevant in this case. Plaintiff argues that these emails are offered

> to establish Plaintiff's hostile working environment throughout this period of her employment, retaliation, and Whistleblower's complaint, which defendants knew or should have know, as communicated in the emails because of their constructive knowledge in that supervisory role and/or control over Plaintiff's employment, and the action taken to terminate her employment in pretext of discrimination, rather than to address Plaintiff's hostile work environment confrontations and her ADA disability.[40]

As expressed above, emails drafted or concerning events prior to April of 2007 are inadmissible on the basis of relevancy insofar as they are offered as proof of discriminatory acts by Turner.

Accordingly, Turner's motion will be granted as to plaintiff's exhibits 11 and 12, emails dated December 20 and 21, 2006 from plaintiff to Braud.[41]

Turner's motion also argues that pages 110 through 124 of plaintiff's exhibit 14 should be stricken on this basis. The court agrees and, as expressed above, a majority of these emails have already been stricken on the basis that they are offered as proof of allegations predating the actionable period of time under the ADA.

---

[39] Lyondell Chemical Co. v. Occidental Chemical Corp., 608 F.3d 284 (5th Cir. 2010); Kennon v. Slipstreamer, Inc., 794 F.2d 1067 (5th Cir. 1986).
[40] R. 58 at p. 12.
[41] R. 54-1 at pp. 87-92.

Turner's motion seeks to strike plaintiff's exhibit 18, consisting of several emails to and from plaintiff to various persons concerning a work project and several personal conversations. The court finds these emails wholly irrelevant to plaintiff's claims in this suit and, for that reason, they will be stricken from the record pursuant to Fed. R. Civ. P. 401 and 402.

Turner's motion next seeks to strike pages 19-21 of plaintiff's exhibit 19, consisting of several emails between Stephen Toups, plaintiff and a representative of the Boys & Girls Club, evidencing Toups' recommendation of plaintiff as his replacement on the Boys & Girls Club Board and a letter from Thomas Turner, Vice Chairman of Turner Industries Group, LLC, thanking plaintiff for her efforts at Turner's 2006 Big Bass Bash. The court finds these emails relevant to plaintiff's claims in that they evidence her prior standing with Turner and may tend to demonstrate that she was qualified for the position of Executive Secretary. Turner's motion will be denied as to these emails.

Turner's motion next seeks to strike pages 45-54 of plaintiff's exhibit 23. The court has reviewed this portion of exhibit 23 and finds that pages 45-49 should be stricken on the basis of irrelevance. Page 50, a pair of emails exchanged between plaintiff and Breaux on August 24, 2006, predates the actionable period for plaintiff's ADA claim based upon the date of her EEOC complaint and should be stricken on that basis. The court also finds that pages 51-54 should be stricken on the basis of irrelevance. The court notes that plaintiff offers little if any specific argument as to the relevance of any of these documents.

Turner's motion seeks to strike pages 76-79 of plaintiff's exhibit 25, consisting of a lengthy email dated December 21, 2006 from plaintiff to Braud. The court is aware that this email was sent following a December 20, 2006 meeting between plaintiff and Braud. To the extent that this email constitutes evidence of that meeting or what was discussed during the

meeting, the court finds that the events referenced fall outside of the actionable time period based on the date of plaintiff's EEOC complaint. The email will be stricken from the record pursuant to Fed. R. Evid. 401 and 402.

Turner's motion seeks to strike pages 88-93 of plaintiff's exhibit 28. Pages 88-89 are copies of emails dated January 22, 2007 between plaintiff and Breaux concerning a project plaintiff was working on. These emails predate April of 2007 and, accordingly, address events outside the actionable scope of plaintiff's EEOC charge. Pages 90-92 are emails between plaintiff and various Turner employees predating April of 2007. These emails will also be stricken. Page 93 is another copy of the August 24, 2006 email between plaintiff and Breaux which we have already found should be stricken.

Turner's motion also seeks to strike plaintiff's exhibits 46-59. Exhibit 46 is a series of emails exchanged between plaintiff and Deborah Files dated December 10, 2002. The court finds that this email is irrelevant to plaintiff's claims, since plaintiff does not assert that she suffered from an actual or perceived disability in 2002 and the emails do not support a claim of harassment. Exhibit 46 should be stricken from the record of this case. Exhibit 47, several 2004 emails between plaintiff and Donnie Junot, should be stricken for the same reasons. Exhibit 48, a 2006 email to plaintiff from Breaux asking her to help him find a cell phone for his mother is similarly irrelevant to plaintiff's claims and, as cited above, falls outside the actionable time period based on plaintiff's 2008 EEOC complaint. Exhibits 49 and 50 are the same emails, dated 2006, between plaintiff and Breaux and are irrelevant to plaintiff's claims and fall outside the actionable period in this case. Exhibit 51 is an email dated 11:57 p.m. on September 12, 2006 from plaintiff to various Turner employees, relaying news concerning plaintiff's sister's prognosis. The email itself is irrelevant to plaintiff's claims, except that it shows that plaintiff

was not secretive about the tragedy unfolding in her life during that time. To the extent, however, that plaintiff seeks to introduce this email as evidence that she attempted to make up her hours at night, the court absolutely rejects this evidence. The email clearly states, "I came back by the office to send a short note to let all of you know…" Moreover, plaintiff's handwritten notes are merely plaintiff's characterization of the evidence, which is not admissible. Were this email relevant, the email itself is the best evidence of what the email says. Exhibit 52 is an email from plaintiff to Breaux dated October 16, 2006. The email contains no reference to harassment or to plaintiff's claimed disability. The court finds it irrelevant based on its date and contents. Exhibit 53 is another copy of January 2007 emails between plaintiff and Breaux, referencing the action plan plaintiff claims she was required to submit. As discussed above, plaintiff's EEOC claim was filed in February of 2008, making any potential claim arising out of the events referenced in this email time-barred under the ADA. Exhibit 53 should be stricken from the record in this case. Exhibits 54-56 consist of emails between plaintiff and Breaux in January of 2007, making them irrelevant to plaintiff's suit since any harassment occurring or referenced in these emails falls outside the scope of plaintiff's EEOC complaint. These exhibits will be stricken from the record. Exhibit 57 is another copy of January 2007 emails between plaintiff and Breaux which the court has already found should be stricken as irrelevant. Similary, Exhibit 58 is a duplicate copy of another set of January 2007 emails between plaintiff and Breaux referencing the action plan. Again, this email references events which fall outside the scope of plaintiff's EEOC complaint and will be stricken as irrelevant. Exhibit 59 is yet another duplicate copy of a set of emails from January 2007 between plaintiff and Breaux. We have already ruled that these emails should be stricken.

Turner's motion asserts that the court should also strike emails and documents post-dating her termination in October of 2007. Turner avers that these emails and documents are irrelevant to this suit. We find that plaintiff's letter to the EEOC and LCHR intake questionnaire are relevant to the eventual scope of her EEOC charge and decline to strike it on that basis. The court finds that the emails between Linda Monk and Sid Lewis are irrelevant to plaintiff's suit and should be stricken from the record.[42]

Turner also argues that the timeline document prepared by plaintiff and submitted as plaintiff's exhibit 31 is inadmissible hearsay and is irrelevant to plaintiff's claims in this suit. Plaintiff's opposition fails to address this and many other documents. While we agree that much of the timeline constitutes inadmissible hearsay, other portions are not hearsay and may be considered by the court if relied upon by plaintiff. The court also disagrees with Turner's assertion that the timeline is irrelevant. While the temporal proximity aspect of the timeline may not be determinative, this document references events which are clearly included in the scope of plaintiff's EEOC charge.

As argued by Turner, the court finds that emails between plaintiff and her attorney, offered as plaintiff's exhibit 68, are irrelevant and, as discussed above, are inadmissible as evidence of settlement negotiations pursuant to Fed. R. Evid. 408.

Many of the emails subject to Turner's motion to strike contain handwritten notes authored by plaintiff or authored by plaintiff's attorney characterizing such evidence. Turner's motion asserts that these notes and characterizations should be stricken from the record as inadmissible hearsay and/or opinion testimony. The court agrees. Plaintiff's opinions and interpretation of these emails is not the best evidence of the emails. To the extent that any email bearing a handwritten note by plaintiff has not been stricken on other grounds, the handwritten

---

[42] R. 54-1 at pp. 137-138.

note thereon should be stricken from the record. The court does not find that plaintiff's counsel's inclusion of a title sheet reading "Whistleblowing" is actually evidence in this case.[43] Rather, the court is convinced that this sheet was included merely for the purpose of labeling and organizing certain evidence and was mistakenly labeled as an exhibit. We decline to strike the title page at issue from the record, but, again, do not consider it evidence in this case.

Given our findings above, the court finds that Turner's motion to strike should be granted in part and denied in part. The court will issue an order in conformity with these findings.

Alexandria, Louisiana
October 19 , 2011

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[43] R. 54-3 at p. 103.

22